UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEVE WAITHE,<br><br>                    Defendant. | Case No. 21-CR-10342-PBS |

**JOINT INTERIM STATUS REPORT AND**
**REQUEST TO CANCEL STATUS CONFERENCE**

Pursuant to Local Rule 116.5(b), the parties hereby file the following joint interim status report prepared in connection with the interim status conference scheduled for October 26, 2022. The parties request that the October 26, 2022 conference be canceled and that, for reasons discussed in more detail below, a further interim status conference be scheduled in approximately 60 days.

(1)     Automatic Discovery/Pending Discovery Requests

The government has provided installments of a rolling production of automatic discovery on January 20, 2022, July 11, 2022, August 12, 2022, and October 17, 2022 and has substantially completed its automatic discovery obligations.  To date, the government has provided approximately 198 GB of material, which counsel for the defendant continues to review.  The government is in the process of conducting a final review of material and expects to make a "clean-up" production in short order, at which point discovery will be complete.

(2)     Additional Discovery

Given the amount of discovery produced to date, the government has offered, and counsel for the defendant has accepted, the opportunity to meet and discuss materials central to the case.  The parties expect that meeting to take place over the next four to six weeks, at which point the defendant will be in a position to determine whether requests for additional discovery are appropriate.  Regardless, the government will continue to comply with its discovery obligations in accordance with Local Rule 116.1(c).

(3)  Timing of Additional Discovery Requests

As discussed above, the defendant is in the process of reviewing discovery and evaluating the need for any additional requests, and the parties expect to meet to discuss materials produced to date in the near term.

(4)  Protective Orders

The parties agreed to the terms of a Protective Order governing discovery, which the Court entered on May 7, 2021.  (Dkt No. 16.)

(5)  Pretrial Motions

The defendant has not yet determined whether he will file any pretrial motions under Fed. R. Crim. P. 12(b).

(6)  Expert Discovery

The government agrees to provide any expert witness disclosures 21 days prior to trial. The defendant agrees to provide any expert witness disclosures 14 days prior to trial.

(7)  Defenses of Insanity, Public Authority, or Alibi

The defendant does not intend to raise the defenses of insanity, public authority, or alibi.

(8)  Speedy Trial Act

All of the time has been excluded since the defendant's initial appearance through the date of the interim status conference scheduled for October 26, 2022.  The parties request that the time be excluded until the further interim status conference.

(9)  Status of Plea Discussions; Likelihood and Estimated Length of Trial

The parties have not yet engaged in productive discussions regarding a plea.  If a trial is necessary, the parties estimate that a trial in this matter would take approximately seven to ten days.

(10)  Next Status Conference

Given all of the foregoing information, including the ongoing production and review of discovery, the parties request that the interim status conference, scheduled for August 17, 2022, be canceled.  The parties request a further interim status conference in approximately 60 days.  As grounds for the length of the requested continuance, the parties submit that the amount of material produced to date is voluminous (e.g., the August 12, 2022 and October 17, 2022 productions included over 100 GB of material). In addition, in light of the volume of discovery and in an effort to assist in the review of discovery, the parties plan to meet to discuss what the government views as key evidence

in the case within the coming weeks. The parties submit that the additional time will enable them to advance the case more efficiently and equip them to report a more fulsome status update to the Court in approximately 60 days.

Respectfully submitted,

| STEVE WAITHE, | UNITED STATES OF AMERICA, |
|---|---|
| By his attorney, | By its attorney, |
| */s/ Jane Peachy*<br>Jane Peachy<br>Federal Public Defender Office<br>51 Sleeper Street, 5th Floor<br>Boston, MA 02210<br>Jane_Peachy@fd.org<br>617-223-8061 | RACHAEL S. ROLLINS<br>United States Attorney<br><br>*/s/ Adam W. Deitch*<br>Adam W. Deitch<br>Assistant United States Attorney<br>John Joseph Moakley U.S. Courthouse<br>One Courthouse Way, Suite 9200<br>Boston, MA 02210<br>adam.deitch@usdoj.gov<br>617-748-3123 |

Dated:  October 19, 2022

**CERTIFICATE OF SERVICE**

      Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                        */s/ Adam W. Deitch*
                                        Adam W. Deitch
                                        Assistant United States Attorney

Dated:  October 19, 2022